```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**DAVID JOHN DAVIS,**

                          **Petitioner,**

        v.                                          CASE NO. 20-3205-SAC

**DAN SCHNURR,**

                          **Respondent.**

## ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Habeas Corpus. For the reasons that follow, the Court directs petitioner to show cause why this matter should be dismissed due to the failure to timely file.

### Background

Petitioner was convicted in the District Court of Saline County, Kansas, on December 30, 2008. He was sentenced to a term of 36 months and lifetime parole supervision. The Kansas Court of Appeals summarized the facts and procedural history as follows:

> On August 29, 2008, a jury convicted Davis of one count of rape of a child under 14 years of age, an off-grid person felony. The victim was 13 years old when she and Davis engaged in sexual intercourse. Davis was 22 years old at the time.
>
> Richard Comfort, Davis' defense counsel, filed a motion for a durational and dispositional departure prior to sentencing. At sentencing, on December 30, 2008, Comfort argued that a departure sentence was appropriate because of Davis' mild mental retardation, the voluntary participation of the victim, the degree of harm was less than typical for this offense, and imposition of a Jessica's

Law sentence of a minimum 25 years without parole to life imprisonment was cruel and unusual punishment under the circumstances.

In response, the State asked the district court to "only grant the departure in terms of departing to the Kansas Sentencing Guidelines and the appropriate sentence within the grid box that the defendant is assigned to." Defense counsel objected to the State's recommendation which, according to defense counsel, amounted to about 272 months in prison. The State opposed a dispositional departure.

The district court granted the durational departure, but it denied the dispositional departure. The district court found that the victim's participation, Davis' mental impairment, and the lesser degree of harm as compared to other similar cases amounted to substantial and compelling reasons to sentence Davis as part of the Kansas Sentencing Guidelines rather than off-grid. Davis was sentenced to 36 months in prison with lifetime postrelease supervision.

At the conclusion of the sentencing hearing, the district court informed Davis:
"You have ten days—Mr. Davis, you have ten days from today to file a notice of appeal of any adverse ruling of this court. And if you wish to file an appeal and cannot afford an appellate attorney, the court will appoint an attorney to represent you on an appeal. And your attorney can visit with you regarding your appellate rights."

Davis did not request the appointment of appellate counsel or file a direct appeal within the statutory 10-day time period. The State, however, filed a notice of appeal of the departure sentence on the last day permitted, January 13, 2009. Davis did not file a cross-appeal. About one year later, on January 25, 2010, on a motion by the State, the district court dismissed the State's appeal. The record on appeal does not show any indication that the State's appeal was ever docketed or prosecuted in the Kansas appellate courts.

More than seven years after he was sentenced, on July 14, 2016, Davis filed a pro se notice of appeal or in the alternative a request for an *Ortiz* hearing. See *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). In support of his request, Davis mistakenly stated that Christina Trocheck had filed a notice of his appeal but through "some chain of events that is not clear from the record." Davis' appeal was later dismissed.

*State v. Davis*, 432 P.3d 110 (Kan. Ct. App. 2018), *review denied* (Sept. 9, 2019).

## Analysis

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)  The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and of review in the U.S. Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the Supreme Court allow ninety days from the date of the conclusion

of direct appeal to seek certiorari. U.S. S. Ct. Rule 13.1. "If a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003) (internal quotations omitted). The one-year period of limitation begins to run the day after a conviction is final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906-07 n.6 (10th Cir. 2011).

In this case, petitioner failed to file within the one-year limitation period. Even assuming the notice of appeal filed by the State on January 13, 2009, is sufficient to toll the limitation period, the State dismissed its appeal in January 2010, and petitioner took no action for over six years, filing a pro se notice of appeal in July 2016.

The one-year limitation period is subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000)(internal quotation marks omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively

pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson, id*.

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 526-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, id. at 324.

Because petitioner did not file this petition within the one-year limitation period, and because it does not appear that he is entitled to equitable tolling, the Court is considering the summary dismissal of this action. Petitioner will be directed to show cause why this matter should not be dismissed for the reasons set forth. The failure to file a timely response may result in the dismissal of this action without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED petitioner is granted to and including

**September 10, 2020,** to show cause why this matter should not be dismissed.

**IT IS SO ORDERED.**

DATED:  This 10th day of August, 2020, at Topeka, Kansas.

                                                S/ Sam A. Crow

                                                SAM A. CROW
                                                U.S. Senior District Judge