IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID JOHN DAVIS,**

            **Petitioner,**

     v.                                    CASE NO. 20-3205-SAC

**DAN SCHNURR,**

            **Respondent.**

## ORDER OF DISMISSAL

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se. On August 10, 2020, the court directed petitioner to show cause why this matter should not be dismissed due to his failure to file this action within the one-year limitation period. Petitioner filed a timely response, contending that he received ineffective assistance of counsel and citing his mental retardation.

The court has considered the response and, for the reasons that follow, concludes petitioner has failed to establish grounds for equitable tolling.

### Background

As explained in the court's order to show cause, the Kansas Court of Appeals summarized the factual and procedural background of petitioner's case as follows:

> On August 29, 2008, a jury convicted Davis of one count of rape of a child under 14 years of age, an off-grid person felony. The victim was 13 years old when she and Davis engaged in sexual intercourse. Davis was 22 years old at the time.

Richard Comfort, Davis' defense counsel, filed a motion for a durational and dispositional departure prior to sentencing. At sentencing, on December 30, 2008, Comfort argued that a departure sentence was appropriate because of Davis' mild mental retardation, the voluntary participation of the victim, the degree of harm was less than typical for this offense, and imposition of a Jessica's Law sentence of a minimum 25 years without parole to life imprisonment was cruel and unusual punishment under the circumstances.

In response, the State asked the district court to "only grant the departure in terms of departing to the Kansas Sentencing Guidelines and the appropriate sentence within the grid box that the defendant is assigned to." Defense counsel objected to the State's recommendation which, according to defense counsel, amounted to about 272 months in prison. The State opposed a dispositional departure.

The district court granted the durational departure, but it denied the dispositional departure. The district court found that the victim's participation, Davis' mental impairment, and the lesser degree of harm as compared to other similar cases amounted to substantial and compelling reasons to sentence Davis as part of the Kansas Sentencing Guidelines rather than off-grid. Davis was sentenced to 36 months in prison with lifetime postrelease supervision.

At the conclusion of the sentencing hearing, the district court informed Davis:
"You have ten days—Mr. Davis, you have ten days from today to file a notice of appeal of any adverse ruling of this court. And if you wish to file an appeal and cannot afford an appellate attorney, the court will appoint an attorney to represent you on an appeal. And your attorney can visit with you regarding your appellate rights."

Davis did not request the appointment of appellate counsel or file a direct appeal within the statutory 10-day time period. The State, however, filed a notice of appeal of the departure sentence on the last day permitted, January 13, 2009. Davis did not file a cross-appeal. About one year later, on January 25, 2010, on a motion by the State, the district court dismissed the State's appeal. The record on appeal does not show any indication that the State's appeal was ever docketed or prosecuted in the Kansas appellate courts.

More than seven years after he was sentenced, on July 14, 2016, Davis filed a pro se notice of appeal or in the

> alternative a request for an *Ortiz* hearing. See *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). In support of his request, Davis mistakenly stated that Christina Trocheck had filed a notice of his appeal but through "some chain of events that is not clear from the record." Davis' appeal was later dismissed.

*State v. Davis*, 432 P.3d 110 (Table), 2018 WL 6713979, *1-2 (Kan. Ct. App. Dec. 21, 2018), *review denied* (Sep. 9, 2019).

## Analysis

Petitioner seeks equitable tolling in this matter on two grounds. First, he alleges that his counsel was ineffective in failing to file a direct appeal. Second, he asserts that he was unable to proceed because he is mentally retarded.

Following the state district court's denial of petitioner's pro se motion to file an appeal out of time, petitioner sought reconsideration of that decision. The state district court appointed counsel and conducted an evidentiary hearing. Petitioner's defense counsel testified at the hearing, and his testimony, as summarized by the Kansas Court of Appeals, provided the following description of his representation of petitioner:

> At the hearing, Comfort testified that he had 36 years of experience in criminal law, including 12 years as the Ottawa County Attorney and 8 years as an attorney with the Kansas Board of Indigents' Defense Services. Comfort brought his file regarding the Davis criminal case to the hearing. During his testimony, he relied on documents and contemporaneous notes he had written to refresh his recollection.
>
> Comfort testified that the district court orally advised Davis at sentencing of his right to appeal within 10 days of sentencing. In particular, Comfort testified, "In my chronology notes that were made contemporaneous with the hearing, it does indicate that [Davis] was advised [of] the

10-day right to appeal, and then it's also reflected in the journal entry ...."

In addition, Comfort testified that after the sentencing hearing on December 30, 2008, he met with Davis and his family to discuss whether to appeal. Comfort recalled, "On December 30th, my notes indicate that I discussed the appeal with defendant and his family. I was advised at that time, [d]o not file appeal."

Comfort indicated that, on the same day, he spoke with Davis again, but his notes did not indicate whether Davis said to file an appeal or not. With regard to the second meeting, Comfort surmised that he probably had encouraged Davis to file an appeal because he thought the constitutionality of the lifetime postrelease mandate was an arguable issue. Comfort testified:
"But we also had to consider how that would reflect on what might be done with an appeal, and we knew [an appeal] was going to be filed by the State, objecting to the degree of the durational departure, and whether it would complicate it, compromise it, or anything like that. That's the analysis that I recall going through, is you know, could we win it? Was there a reasonable chance of changing the legislature through that iteration of the Supreme Court? And my opinion was no, and there's some notes in here, and a lot of research. But it was—it would have been [Davis'] choice, and I would have honored his request."
Comfort testified that he believed Davis understood what he had explained to him about the procedures and legal issues of the case. Moreover, he had discussed a possible appeal with Davis "at great length."
Comfort was aware that the State filed a notice of appeal of the district court's durational departure sentence. He noted the State was "unhappy with the length of the durational departure." Davis received a copy of the notice of appeal and was "fairly comfortable" that his office would have forwarded a copy of the notice and journal entry to Davis at the El Dorado Correctional Facility.

Comfort testified that Davis wrote him a one page letter dated April 17, 2009, which he received on April 21, 2009. Comfort read from the letter which indicated that Davis had not received the journal entry, that he "did not get a fair trial, so I'm going to find help to get my appeal going," and requesting "all the paperwork of my case. Mean all of it. I need to get my transcripts too." Davis also indicated that he was having difficulties with other inmates "because people want to hurt me because [of] my case, which was predicted."

>Comfort testified that he responded to Davis on the same day he received the April 17, 2009 letter. In his letter, Comfort enclosed a copy of the journal entry. Comfort read his letter to Davis into the record. In relevant part he had written: "My appointment as your attorney expired 10 days after your sentencing. My review of your proceedings convinced me that no basis supported an appeal, which was required to be filed within 10 days of your sentence." Comfort counseled Davis to "tread very lightly, keep your mouth closed, and watch your back at all times." Comfort was unaware of any other correspondence or further contacts with Davis.
>
>More than five years later, however, Comfort acknowledged sending Davis a letter, dated September 10, 2014, in response to correspondence Davis had sent. Comfort read from his letter to Davis, which stated that he had reviewed Davis' letter with a superior:
>"[W]e filed the appropriate postrial motions which were denied by the Court. A second level of legal and judicial analysis occurred via your appellate case in this matter. In addition, a third avenue of judicial review was provided to you, procedural vehicle of K.S.A. 60-1507. You do not indicate whether you have sought relief utilizing this Constitutional statutory remedy. Based upon the information we possess concerning the status of your case, we are unable to identify any legal, procedural vehicle upon which you could base a claim for relief."
>At the hearing, Comfort confirmed that the second level of analysis referenced in his letter related to the State's appeal of the sentencing departure. For all the reasons stated in his letter, Comfort declined to provide Davis a copy of the entire legal file.

*State v. Davis*, 2018 WL 6713979, *3-5.

Following the hearing, the state district court found that petitioner had received effective assistance from his counsel and declined to allow him to proceed. Petitioner appealed from that decision, and the Kansas Court of Appeals upheld the finding, concluding that the record provided "substantial competent evidence" that petitioner's defense counsel conferred with him concerning whether to appeal or cross-appeal.

In order to establish his claim of ineffective assistance of counsel, petitioner must show that "counsel's performance was deficient" and "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In this review, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id*. Likewise, in habeas corpus, a federal court reviewing a claim of ineffective assistance also must give deference to the state court's determination concerning counsel's performance. *Harmon v. Sharp*, 936 F.3d 1044, 1058 (10th Cir. 2019), *pet. for cert. filed*, No. 198581 (U.S. June 2, 2020).

Having considered the petitioner's bare claims of ineffective assistance and the appellate decision describing the testimony of petitioner's former defense counsel, the court finds no reason to allow equitable tolling. The record established in the state courts shows that the court advised petitioner of the time for filing an appeal and that counsel immediately met with petitioner and his family and discussed the advisability of pursuing an appeal. His notes from the meeting with the petitioner and his family show that no appeal was requested. While counsel's notes from his meeting with the petitioner alone did not show whether he requested an appeal, counsel testified that had petitioner wanted to pursue an appeal, he would have taken action to do so. This court agrees that petitioner has not shown deficient performance by his counsel.

Petitioner also seeks equitable tolling on the ground that he is mentally retarded. The Tenth Circuit has stated that "[e]quitable tolling of a limitations period based on mental incapacity is warranted only in exceptional circumstances that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing his own claim because of mental incapacity." *Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. 2002) (unpublished) (quotations omitted); *see also Rantz v. Hartley*, 577 F. App'x 805, 810 (10th Cir. 2014) (unpublished) ("[F]ederal courts equitably toll the limitations period only when there is a severe or profound mental impairment, such as resulting in institutionalization or adjudged mental incompetence.") (citing *Fisher v. Gibson*, 262 F.3d 1135, 1143, 1145 (10th Cir. 2001)).

In this case, petitioner offers no specific information concerning how his mental condition prevented him from timely filing his petition or why he failed to pursue any relief for a period of over seven years after his sentencing, as set out in the chronology prepared by the Kansas Court of Appeals. The record shows that petitioner filed both a motion in the state court and the present petition pro se. There is no evidence that he was unable to pursue relief due to his mental capacity or that he has ever been institutionalized or found incompetent. The court therefore finds petitioner has not established the exceptional grounds needed for equitable tolling.

**Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

Where, as here, the Court's decision is based on a procedural ground, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the present record does not warrant the issuance of a certificate of appealability. The dismissal is based upon procedural grounds, and the court believes that the decision not to allow equitable tolling is not reasonably debatable.

IT IS THEREFORE BY THE COURT ORDERED the petition for habeas corpus is dismissed, and no certificate of appealability will issue.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. 5) is denied as moot.

Dated this 29th day of January, 2021, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW

U.S. Senior District Judge